IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| KENNETH G. DEAS, | ) | Civil Action No. 3:06-2058-GRA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This case is before the court pursuant to Local Rule 83.VII.02, et seq., D.S.C., concerning the disposition of Social Security cases in this District. Plaintiff brought this action on July 18, 2006, pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits.

On November 20, 2006, the Commissioner filed a motion to dismiss. Plaintiff filed a response on November 21, 2006.[1]

DISCUSSION

The Commissioner contends that Plaintiff's complaint should be dismissed because it was filed more than sixty days after receipt of the "Final Decision" of the Commissioner and is,

---

[1] Plaintiff also filed an amended complaint on November 21, 2006. He states that the amended complaint was filed to correct a typographical error as to the date on which the Administrative Law Judge's decision was issued (to the correct date of March 22, 2004, rather than the incorrect date of November 14, 2005). In the amended complaint, Plaintiff also makes an additional change in that he asserts that "the Appeals Council affirmed the decision of the Administrative Law Judge on July 12, 2006, when Plaintiff first received notice through a letter from Senator Lindsey Graham, thereby rendering final administrative action." Amended Complaint at 2. In the original complaint, Plaintiff asserted that "Defendant effectively denied the case by asserting in a letter to Senator Lindsey Graham that it had no record of Plaintiff's Appeal." Complaint at 5.

therefore, untimely.  Plaintiff argues that the Commissioner's motion to dismiss should be denied because he and his counsel never received a copy of the Appeals Council denial and the Commissioner has not included a copy of the Appeals Council decision with the motion to dismiss.

The Social Security Act provides that civil actions seeking judicial review of a final decision of the Commissioner must be commenced[2] within sixty days after the mailing of a notice of the decision.  See 42 U.S.C.A. § 405(g).  This statute of limitations has been modified by the regulations so that it begins to run only upon receipt of the notice rather than upon its mailing.  See 20 C.F.R. § 422.210(c).  The regulations provide, however, that receipt is presumed to be five days after mailing, unless there is a "reasonable showing to the contrary."  Id.  If the plaintiff rebuts the five-day presumption, the Commissioner has the burden of showing that the plaintiff received actual notice within the time provided in the regulations.  See McCall v. Bowen, 832 F.2d 862, 864 (5th Cir.1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir.1984).  This statute of limitations is not jurisdictional and is subject to equitable tolling.  See Bowen v. City of New York, 476 U.S. 467, 478-80 (1986).

Here, Plaintiff failed to file his complaint within sixty days after the presumptive date of receipt.  Paul G. Halse ("Halse"), Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, states that Plaintiff's file has been examined under his supervision.  Halse states that, to the best of his knowledge and belief, the file shows that on May 14, 2004, the Appeals Council sent (by mail addressed to Plaintiff with a copy to his representative) notice of the Appeals Council action on Plaintiff's request for review and the right to commence a civil action within sixty days from the

---

[2]An action is "commenced" when a complaint is filed with the court.  See Fed. R. Civ. P. 3.

2

date of receipt. Halse Aff., Para. 3. Attached to Halse's affidavit is a document titled "Appeals Council Automated Processing System" and subtitled "Active Case Information." The document indicates that the Appeals Council disposition was issued on May 14, 2004, and lists the addresses of both Plaintiff and his representative.

The Commissioner provides that the Appeals Council decision was mailed to Plaintiff and his representative on May 14, 2004. Plaintiff did not file this action within sixty days after he presumptively received notice from the Appeals Council. A plaintiff can rebut this presumption by making a "reasonable showing to the contrary" that he did not receive notice within five days. 20 C.F.R. § 422.210(c).

Plaintiff contends that he has rebutted this presumption based on affidavits from himself and his representative that they never received a copy of the Appeals Council denial.[3] Although the Fourth Circuit has not ruled on this issue, other courts have found that affidavits from a claimant and his or her attorney that they did not timely receive a copy of the Appeals Council denial is insufficient to overcome the presumption. See McCall v. Bowen, 832 F.2d 863-864 (affidavits from claimant and his attorney that they did not receive notice until September 8, 1983, when decision was dated June 13, 1983, was insufficient to rebut presumption that notice was received five days after it was sent); Velez v. Apfel, 2000 WL 1506193 at *1 (2d Cir. 2000)(a "conclusory allegation" of non-receipt does not constitute a reasonable showing); Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997)(plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to

---

[3]Plaintiff's counsel, in his affidavit, states that the first notice he "had of the Appeals Council denial was in the letter from Senator Lindsey Graham dated July 12, 2006, which was attached to the complaint in this case." Review of the case file and electronic docket, however, reveals no copy of the letter.

3

rebut the statutory presumption"); Leslie v. Bowen, 695 F.Supp. 504, 506 (D. Kan. 1988)(holding that affidavit stating a later date of notice failed to rebut presumption of notice within five days); Rouse v. Harris, 482 F. Supp. 766, 769 (D.N.J. 1980)(recognizing that statements in an affidavit are made in good faith, but holding that they do not rebut the presumption of notice within five days). But see Vine v. Bowen, 1988 WL 35595 at *1 (N.D.Ill. 1988)(dictum)("[T]he claimant may rebut the presumption and thereby create a factual dispute as to the actual receipt of notice by a sworn affidavit denying receipt of the notice letter."). Here, Plaintiff fails to rebut the presumption of receipt. Additionally, Plaintiff has presented no circumstances in this action that justify equitable tolling.

## CONCLUSION

Plaintiff failed to timely file this action and there are no circumstances that justify equitable tolling. It is, therefore,

RECOMMENDED that the Commissioner's motion to dismiss (Doc. 7) be granted.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

April 3, 2007
Columbia, South Carolina

4