UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kenneth G. Deas, ) | |
| ) | C/A No. 3:06-cv-2058-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Michael J. Astrue[1], Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02, D.S.C., and issued on April 3, 2007. Plaintiff brought this action on July 18, 2006, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner denying benefits. On November 20, 2006, the Commissioner filed a motion to dismiss. Plaintiff filed a response on November 21, 2006. The magistrate now recommends granting the Commissioner's motion to dismiss for Plaintiff's failure to timely file this action. For the reasons stated herein, the Court declines to accept the recommendation of the magistrate and denies the Commissioner's motion to dismiss.

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Therefore, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue will be substituted for Defendant JoAnne B. Barnhart from this point forward.

1

**STANDARD**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with the Court. *Matthews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation this Court is not required to give any explanation for adopting the recommendation. Plaintiff timely filed objections to the magistrate's Report and Recommendation on April 11, 2007.

**DISCUSSION**

According to the Social Security Act, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ." 42 U.S.C. § 405(g). As the magistrate correctly noted in his Report and Recommendation, "this statute of limitations . . . begins to run only upon receipt of the notice rather than upon its mailing." Report and Recommendation, p. 2. As established in the Code of Federal Regulations, "[t]he date of receipt . . . of notice of

2

the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is *a reasonable showing to the contrary*." 20 C.F.R. § 422.210(c).

In the memorandum in support of dismissal, the Commissioner argues that on May 14, 2004, the Appeals Council sent notice to Plaintiff of its decision, advising him of the time limits for filing a civil action. The Commissioner argues that since Plaintiff did not file this action until July 18, 2006, Plaintiff failed to meet the 60-day time limit prescribed by the statute. In response to the Commissioner's Motion to Dismiss, Plaintiff alleges that neither he nor his counsel received notice of a final decision from the Appeals Council. Plaintiff argues that he did not receive notice of the final decision until receipt of a letter from Senator Lindsey Graham regarding his claim on July 12, 2006.

In his Report and Recommendation, the magistrate determined that Plaintiff failed to "make a reasonable showing to the contrary" to rebut the presumption that he did not receive notice within 5 days of the mailing from the Appeals Council. The Plaintiff submitted an affidavit and Plaintiff's counsel submitted an affidavit in support of Plaintiff's position that he never received notice of a decision from the Appeals Council. The magistrate, citing *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987), held these affidavits were insufficient to overcome the presumption that notice was received five days after it was sent. In addition to holding Plaintiff failed to rebut the

3

presumption of receipt, the magistrate held the Plaintiff presented no circumstances to justify equitable tolling and recommended dismissal.

Plaintiff raises the following three objections to the magistrate's Report and Recommendation: (1) reasonable cause exists for the late filing because Plaintiff failed to receive notice from the Appeals Council of its final decision; (2) the magistrate erred in accepting a computer affidavit as receipt of mailing; and (3) the magistrate incorrectly interpreted and applied the "rebuttable presumption" standard.

After considering the magistrate's Report and Recommendation, Plaintiff's Objections, and the Commissioner's Response to Plaintiff's Objections, this Court finds that Plaintiff has rebutted the presumption of receipt by providing a "reasonable showing to the contrary" that he did not receive notice within 5 days of mailing. The Court finds the affidavits submitted by the Plaintiff are sufficient evidence to rebut the presumption. Even if these affidavits were not sufficient, Plaintiff's claims are further bolstered by the letter sent to Senator Lindsey Graham on June 15, 2006. *See* Objections, Exhibit One.

Though both the Commissioner and magistrate cite *McCall* for the proposition that affidavits are not sufficient to overcome the presumption of receipt, the Court finds that this case can be distinguished from the facts presented here. In *McCall*, the Court had sufficient evidence to infer that the Plaintiff received notice because the notice was sent via certified mail. Further, in addition to submitting an affidavit attesting to the fact that notice was sent to Plaintiff by certified mail, the government

4

provided the Court with a copy of the letter allegedly mailed to the Plaintiff which contained the proper address and certificate of mailing number. *Id.* at 864.  Here, the only evidence the Commissioner has offered this Court of receipt is an affidavit of Paul G. Halse, Chief of Court Case Preparation and Review, attesting that the notice was mailed to Plaintiff at his proper address. This affidavit does not indicate that the notice was sent via certified mail and no copy of the notice allegedly mailed was provided for this Court.  The only evidence offered is a case docket sheet provided by the Social Security Administration which indicates that a disposition in Plaintiff's case was issued on May 14, 2004.  The Court finds this evidence alone insufficient to support either proof or receipt of mailing.

This Court holds Plaintiff has met his burden by offering a "reasonable showing to the contrary" that he in fact did not receive notice of a final decision from the Appeals Council.  The burden of proof now shifts to the Commissioner to prove that the Plaintiff actually did receive the notice. *See McCall*, 832 F.2d at 864 ("If appellant successfully rebuts the presumption, the burden is then placed upon the [Commissioner] to establish that the appellant received actual notice.").  After reviewing the evidence and arguments presented by the Commissioner, this Court holds that the Commissioner has failed to satisfy this burden of proof.  Without a copy of the actual notice sent to Plaintiff or some type of proof of mailing, this Court has no way of determining when and if Plaintiff actually received notice as required by the statute.

5

Finally, it appears to the Court that this matter has turned into a battle over conflicting affidavits.  The Court finds no basis for weighing one affidavit more strongly than another or for concluding one affidavit to be more truthful than another. Affidavits, as presented, are generally presumed to be true, especially since the parties submit them subject to the penalties of perjury. Therefore, the Court notes it has given equal weight to all affidavits in issuing its opinion.

After consideration of the entire record, this Court declines to adopt the magistrate's Report and Recommendation.  IT IS THEREFORE ORDERED that the Commissioner's Motion to Dismiss is hereby DENIED.  This case shall proceed on the merits.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 27, 2007

Anderson, South Carolina

6